**2013 UT App 197**

## THE UTAH COURT OF APPEALS

BACT LIMITED PARTNERSHIP,
Plaintiff and Appellee,
*v.*
MARY ANN BINKS; CRAIG BINKS; AUSTIN BINKS; FREEDOM
INDEPENDENT, LLC; AND ARROWWOOD PROPERTIES, LLC,
Defendants and Appellants.

Per Curiam Decision
No. 20120706-CA
Filed August 1, 2013

Third District, Salt Lake Department
The Honorable Paul G. Maughan
No. 110904110

David O. Black, Attorney for Appellants
Richard F. Ensor and Michael C. Barnhill,
Attorneys for Appellee

Before JUDGES ORME, DAVIS, and MCHUGH.

PER CURIAM:

¶1    Mary Ann Binks, Craig Binks, Austin Binks, Freedom Independent, LLC, and Arrowwood Properties, LLC (collectively, the Binkses) appeal the trial court's entry of judgment against them. We affirm.

¶2    In 2010, BACT Limited Partnership (BACT) obtained a judgment for approximately $211,000 against Mary Ann Binks. In the course of attempting to collect that judgment, BACT discovered that Mary Ann Binks had transferred substantially all of her assets to companies managed by her son, Austin. The transfers were made after the trial court had announced its decision but before the formal judgment was entered.

¶3    BACT filed the current suit in a further effort to collect judgment. BACT alleged claims for fraudulent transfer and civil conspiracy. The complaint alleged that the Binkses conspired to conceal assets from BACT and hinder collection efforts by the transfers of property.

¶4    BACT served discovery requests on the Binkses in June 2011. The Binkses did not respond to the discovery requests. Over the course of several months and despite two court orders requiring them to provide discovery, the Binkses failed to fully respond to the requests. As a result, in March 2012, BACT filed a motion for sanctions pursuant to rule 37(e) of the Utah Rules of Civil Procedure.

¶5    The trial court granted the motion for sanctions. Pursuant to rule 37(e)(2), the court deemed the allegations in the complaint to be established and prohibited the Binkses from opposing the claims.[1] Utah R. Civ. P. 37(e)(2). With the claims for fraudulent transfer and civil conspiracy established, the trial court entered judgment against the Binkses jointly and severally for the amount of the judgment in the initial case. The Binkses appeal.

¶6    The Binkses assert that there was no proof of the amount of damages and, therefore, the trial court should have held an evidentiary hearing to determine damages under rule 55 of the Utah Rules of Civil Procedure before entering judgment. Rule 55 states, "If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages . . . the court may conduct such hearings . . . as it deems necessary and proper." Utah R. Civ. P. 55(b)(2). Under the

---

1. The Binkses do not challenge the imposition of the sanctions under rule 37(e)(2), which had the effect of deeming the allegations admitted and prohibiting any challenge to the claims. Accordingly, the allegations in the complaint form the undisputed factual basis in this case.

plain language of rule 55, the court is not required to hold a hearing regarding damages when default is entered; rather, it is within the court's discretion to hold a hearing if the amount of damages is not easily ascertained without additional evidence.

¶7    The Binkses have not shown that the trial court abused its discretion by not holding an evidentiary hearing where the court awarded damages in an amount identified in the complaint that was the undisputed amount of the prior judgment against Mary Ann Binks. Considering the allegations in the complaint as true, the fraudulent conveyances and the civil conspiracy to conceal assets prevented BACT from collecting the prior judgment, an established sum. As a result, it was within the trial court's discretion to enter that prior judgment amount as the damages in this case without a hearing.

¶8    The Binkses also argue that the cause of action for civil conspiracy was not sufficiently pleaded in the complaint. Civil conspiracy is comprised of five elements: "(1) a combination of two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful, overt acts, and (5) damages as a proximate result thereof." *Pohl v. Webelhuth,* 2008 UT 89, ¶ 29, 201 P.3d 944. On review of the complaint, the allegations were sufficient to plead a cause of action for civil conspiracy. The Binkses combined to act with the objective of concealing assets from a creditor by means of fraudulent transfers of property, the properties were actually transferred, and BACT incurred damages as a result because it was unable to collect on its outstanding judgment, an amount certain. Allegations to meet each element of civil conspiracy were presented in the complaint.

¶9    Affirmed.

———————